## ABRAHAM SHAPIRO *vs.* MRS. HENRI SAMPSON.

## Androscoggin.    Opinion March 11, 1918.

*General rule as to filing exceptions to the finding of fact by single Justice.   Right to recover for rent when tenant has not been permitted to occupy the premises the entire rent period.*

This is an action for a month's rent.   The defendant moved out of the plaintiff's tenement just before the middle of the month, without giving notice.   The party moved in on the 26th day of the same month.   The controversy was whether this occupancy to the first of the next month was temporary or permanent.   The plaintiff contended that the party was in the house from February 26th to March 1st, for the purpose of keeping the water pipes from freezing.

This case was heard without the intervention of a jury, and the presiding Justice found in favor of the defendant.   Exceptions do not lie to a finding of fact unless a contrary inference, only, can be drawn from the evidence.   In jury waived cases exceptions are limited to questions of law, and the only question of law is whether there is any evidence to support the finding.

The presiding Justice in his judgment makes the following finding of facts and law:   "But whatsoever his purpose may have been, I am of opinion that his letting in a new tenant with his goods and putting him into the actual possession of the tenement was such a dispossession of the defendant as bars the right to recover rent for the month of February."

The plaintiff's exceptions are based on the theory that there is no evidence to support the finding.

*Held:*

There was evidence to warrant the finding of fact, and, so far as this case is concerned, that the law was properly applied.

Action on the case to recover for one month's rent.   Defendant filed plea of general issue, and the question raised by defendant was that plaintiff had really dispossessed the defendant during the month for which he was claiming a full month's rent.   The case was heard before single Justice, without jury, and the findings were in favor of defendant; to which rulings and findings plaintiff filed exceptions.   Exceptions not sustained.

Case stated in opinion.

*J. G. Chabot,* for plaintiff.

*McGillicuddy & Morey, and Harry Manser,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, JJ.

SPEAR, J.  This is an action for a month's rent.  The defendant moved out of the plaintiff's tenement just before the middle of the month, without giving notice.  The party moved in on the 26th day of the same month.  The controversy was whether this occupancy to the first of the next month was temporary or permanent.  The plaintiff contended that the party was in the house from February 26th to March 1st, for the purpose of keeping the water pipes from freezing.

This case was heard without the intervention of a jury, and the presiding Justice found in favor of the defendant.  Exceptions do not lie to a finding of fact unless a contrary inference, only, can be drawn from the evidence.  In jury waived cases exceptions are limited to questions of law, and the only question of law is whether there is any evidence to support the finding.

The presiding Justice in his judgment makes the following finding of facts and law: "But whatsoever his purpose may have been, I am of opinion that his letting in a new tenant with his goods and putting him into the actual possession of the tenement was such a dispossession of the defendant as bars the right to recover rent for the month of February."

This finding involved both a question of law and of fact.  The sitting Justice did not base his finding upon the "purpose" of the plaintiff in letting in the new tenant, but goes further and in effect says: "Whatsoever his purpose" when, as a matter of fact, he put in a new tenant with his goods into actual, exclusive possession of the tenement, he then dispossessed the tenant, and that, as a matter of law, such dispossession by the plaintiff was a bar to the right of the plaintiff to recover.  The sitting Justice in effect held that, while the plaintiff had a right to put a person in his house to protect the water pipes from freezing, he had no right, in the execution of that purpose, to go so far as to take actual and exclusive possession of the tenement, to the prevention of the right of the tenant to resume possession had she chosen so to do.  In other words, while the sitting Justice assumed that it may have been the "purpose" of the plaintiff to put a person into the house to protect it, he nevertheless holds that the "purpose" could not be carried so far as to exclude the tenant from an opportunity of returning.

The plaintiff's exceptions are based on the theory that there is no evidence to support the finding of such facts as must necessarily have formed the basis of the court's judgment; that only one inference could be drawn from the existing facts; that this inference does not support the judgment; and that consequently the decision is erroneous.

The plaintiff admits that he admitted a new tenant on the 25th of February. The defendant says that when she went there after a lamp, the 26th or 27th of February, the new tenants were then living there. The tenant himself says, in answer to interrogatories,—

"Q. Did you become a tenant in this house, Mr. Scholnik? A. Yes. Q. And what date? A. On the 26th of February, 1916. Q. And you have been living there ever since? A. Yes.

The sitting Justice found, as a matter of fact, upon this evidence, that the plaintiff let in a new tenant, with his goods, and put him into actual possession of the tenement. He saw and heard the parties and witnesses, and under the well established rules of law, his finding cannot be set aside. A finding of fact by the court, without the intervention of a jury, cannot be attacked upon exceptions unless only one conclusion could be drawn from the evidence, and that contrary to the finding. *American Sardine Co.* v. *Olsen*, 117 Maine, page 26.

                                        *Exceptions overruled.*